UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DUSTIN M. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:18-CV-54-KKC-HAI |
| v. | ) | |
| | ) | |
| HARVEY SHEARER, | ) | RECOMMENDED DISPOSITION[1] |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on *pro se* plaintiff Dustin M. Wilson's motion to extend the scheduling order and motion for leave to file an amended complaint.  D.E. 23; D.E. 23-1.  For the following reasons, the Court **RECOMMENDS** that Wilson's motion to extend the scheduling order be **GRANTED** and that his motion for leave to file an amended complaint be **GRANTED** in part and **DENIED** in part.

In his original complaint, which was docketed on February 20, 2018, Wilson alleged that his constitutional rights were violated during his incarceration at the Wayne County Jail[2] because he was prohibited from practicing his religion and because he was denied medical attention and treatment.[3]  D.E. 1 at 5.  Wilson sought to bring his claims against Harvey Shearer, the jailer at the

---

[1] Courts differ as to whether a magistrate judge must address the denial of leave to amend a pleading as a dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(B) or a non-dispositive matter subject to issuance of an order under 28 U.S.C. § 636(b)(1)(A). *Compare Evans v. Prof'l Transp. Inc.*, No. 1:12-CV-202, 2014 WL 1908808, at *1 n.1 (E.D. Tenn. May 13, 2014) *with Beckman Coulter, Inc. v. U.S. Worldwide Logistics, Inc.*, Civil Action No. 13-89-DLB-JGW, 2015 WL 12978824, at *1 n.1 (E.D. Ky. Feb. 20, 2015).  To preserve the parties' right to *de novo* review by Chief Judge Caldwell, this decision is issued as a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B).
[2] The proper name for this entity is the Wayne County Detention Center.
[3] Wilson's claims are brought pursuant to 42 U.S.C. § 1983.

Wayne County Detention Center, in both his official and individual capacities, and Southern Health Partners, the health providers at the jail.  D.E. 10 at 2.

Upon preliminary review, Chief Judge Caldwell dismissed Wilson's denial of medical care claim without prejudice "[b]ecause Wilson's allegations fail[ed] to state a claim for inadequate medical care against any of the named defendants."  *Id.*  at 3–4.  Next, because "Wilson ha[d] not alleged that Southern Health Partners had any involvement with the infringement on his religious rights," Chief Judge Caldwell dismissed that claim against Southern Health Partners.[4]  *Id.* at 4. However, Chief Judge Caldwell ordered Shearer to respond to Wilson's claim of infringement of his constitutional religious rights.  *Id.* at 5.

Subsequently, Chief Judge Caldwell referred this case to the undersigned "to conduct all further pretrial proceedings, including preparing proposed findings of fact and recommendations on any dispositive motions."  D.E. 16.  On November 26, 2018, the Clerk of Court docketed a filing by Wilson that the Court has construed as a motion to extend the scheduling order and as a motion for leave to amend his complaint.  D.E. 23; D.E. 23-1; D.E. 24.  Under the scheduling order in this case, the pretrial discovery deadline was December 6, 2018, and the dispositive motions deadline is January 7, 2019.  D.E. 18.

The Court will first address Wilson's request that the Court grant him leave to amend his complaint.  In his proposed amended complaint, Wilson reasserts Counts 1 and 2 of his original complaint regarding violation of his religious rights and regarding his denial of adequate medical care.  D.E. 23-1.  In Count 3, Wilson states that he "would like to add" that, on many occasions, "Mr. Shearer was informed by [Wilson] that the medical staff wasn't doing [their] job correctly," that Wilson was in pain over the lump in his side not being treated, and that Wilson needed his

---

[4] Because both claims against Southern Health Partners were dismissed, it was dismissed as a party.  D.E. 10 at 5.

prescribed medications. *Id.* at 2. In Count 4, Wilson claims that, at least once, Shearer "was present during a sick call" and that, at that time, "Shearer was made aware" that Wilson's needs were not being met and that Shearer was asked "to get some things done." *Id.* at 3. Wilson alleges that Shearer replied that he would "check in to it," but that nothing was done. *Id.*

In a second Count 4,[5] Wilson asks the Court "to consider suing (making a claim) against [t]he nurses over Souther[n] Health Partners," whom Wilson claims denied him mental-health treatment and needed referrals. *Id.* Wilson states that he is "not familiar with the nurses real or full legal name employed during Aug. 22, 2017 through Nov. 28[,] 2017." *Id.* In paragraph 5, Wilson responds to a defense offered by Shearer in his answer regarding whether Wilson exhausted his administrative remedies. *Id.* at 4.

The exact relief requested by Wilson in paragraph 6 is not immediately apparent. *See id.* at 4–5. In that paragraph, Wilson states that he filed a grievance that was not returned. *Id.* at 5. Wilson also discusses "complaint forms regarding any nurses in the state of Kentucky" and claims that Shearer never informed Wilson of his "full rights to inform the Kentucky Board of Nurses of their grievance complaint regarding nurses at [Shearer's] jail." *Id.* at 5–6. Here, Wilson claims that Shearer should have an obligation to provide information to inmates about their administrative remedies regarding health care at Shearer's jail. *Id.* at 6. In paragraph 6, Wilson also seeks to state a claim against the Wayne County Fiscal Court. *Id.* at 5. Finally, Wilson states that he can prove his inadequate medical care claim through expert testimony. *Id.* at 6.

In his response to Wilson's motion for leave to amend his complaint, Shearer argues that Wilson states no new cause of action in his proposed amended complaint, but instead "merely lists factual claims which expound on his previous allegations." D.E. 25 at 2. Shearer further argues

---

[5] It is unclear whether Wilson intended this count to be in addition to, or separate from, his first Count 4.

that "[n]one of the plaintiff's assertions in his 'amended complaint' put forth any information which was not known, or could not have been known, at the time of filing his original complaint. As such, his 'amended complaint' is unnecessary, dilatory in nature, and would serve only to cause undue delay in this matter." *Id.* Notably, although Shearer states that Federal Rule of Civil Procedure 15 and "applicable caselaw" direct that leave to amend should not be granted, Shearer has not cited a single case to the Court in support of his position. *See id.* at 2–3.[6]

Because Wilson's motion was filed more than twenty-one days after Shearer filed his answer, Wilson may not amend his complaint as a matter of course. Fed. R. Civ. P. 15(a)(1)(B). However, he may amend his complaint with either the opposing party's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). Importantly, Rule 15(a)(2) instructs the Court to "freely give leave when justice so requires." *Id.* To determine whether amendment is appropriate, the Court may consider several elements: "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Originally, Chief Judge Caldwell determined that Wilson failed to state a claim against Shearer regarding his claim of inadequate medical care because Wilson had not included any facts that Shearer acted personally in denying Wilson appropriate medical treatment. D.E. 10 at 3. Now, Wilson's allegations can be read to state a claim that Shearer was deliberately indifferent to his serious medical needs because he was informed of Wilson's lack of access to medical care and that he did nothing to cure the problems. Such allegations cure the deficiencies identified by Chief

---

[6] Wilson has not filed a reply to his motion with the Court, and the docket does not reflect that the Court's order setting his reply time was returned as undeliverable. *See* D.E. 24.

Judge Caldwell's previous order.  *See id.*  Thus, the Court will recommend that Wilson be permitted to amend his complaint to state a claim regarding inadequate medical care against Shearer.

Similarly, Wilson's allegations against the jail medical staff "have at least an arguable basis in law and are not frivolous."  *See McCallum v. Gilless*, 38 F. App'x 213, 215 (6th Cir. 2002). "Moreover, [Wilson's] failure to identify these defendants by name did not make his complaint frivolous." *Id.*  "District courts have a responsibility to construe pro se complaints liberally and to allow ample opportunity for amending the complaint when it appears that the pro se litigant would be able to state a meritorious claim." *Id.*  Because Wilson has sufficiently stated a claim that the nurses, including "Nurse Amber,"[7] denied him appropriate medical care, Wilson should be permitted to amend as to that claim.

Because Wilson is proceeding *in forma pauperis*, the United States Marshals Service ("USMS") will serve the summons and complaint on the one defendant for whom Wilson has provided sufficient identifying information—Nurse Amber—on Wilson's behalf.  *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).  The Court notes that, by not identifying any other nurse effectively, Wilson's inadequate medical care claim is brought against "Jane Doe" defendants. When service of process by federal marshals is executed pursuant to Federal Rule of Civil Procedure 4(c)(3), the plaintiff bears the initial responsibility of identifying the defendants with sufficient particularity for the marshals to attempt service.  *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

In this posture, Wilson should be advised of Rule 4(m) of the Federal Rules of Civil Procedure, which provides, in part:

---

[7] The Court assumes Amber is the nurse's first name.

**Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m). Wilson should thereby be put on notice that if the unnamed nurses are not named and served within ninety (90) days from the date of this Order, Wilson's claims against those defendants may be dismissed. Should Wilson learn more specific information about the identities of the other nurses, he should immediately advise the Court.

Finally, because he has alleged no actions taken by the Wayne County Fiscal Court, Wilson should not be permitted to amend his complaint to state a claim against that entity. Likewise, because Defendant does not assert any particular claim in paragraphs 5 and 6, Wilson's amended complaint should not be construed to assert claims in those paragraphs.

In sum, the Court **RECOMMENDS** that Chief Judge Caldwell order as follows:

(1) Wilson's motion to amend his complaint should be **GRANTED** in part and **DENIED** in part.

    a. In particular, the Court recommends that Wilson should be permitted to amend his complaint to state a claim against Shearer and the nurses of Southern Health Partners regarding his claim of inadequate medical care. The Court recommends that Wilson's request for leave to amend his complaint be denied in all other respects;

(2) A London Deputy Clerk prepare one "Service Packet" for service upon Nurse Amber (last name unknown). The Service Packet should include:

    a. a completed summons form;

    b. the amended complaint (D.E. 23-1);

    c. the order granting Wilson pauper status (D.E. 8);

     d.  a copy of this order; and

     e.  a completed USM Form 285.

(3) The Deputy Clerk should send the Service Packet to the USMS in Lexington, Kentucky, and should note the date of delivery in the docket.

(4) The USMS should personally serve a Service Packet upon Defendant Nurse Amber at the Wayne County Detention Center, 217 Jim Hill Service Rd., Monticello, KY 42633, through arrangement with the Wayne County Detention Center.

(5) If Wilson is allowed to amend his complaint, his motion to extend the scheduling deadlines should be **GRANTED**.  Should Chief Judge Caldwell adopt this Court's recommended disposition, the Court will issue a new scheduling order resetting the impacted deadlines.

The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute.  Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court.  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 2nd day of January, 2019.



Signed By:

*Hanly A. Ingram*

**United States Magistrate Judge**